CASE NO. 3:25-cv-423-RGJ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT
OF KENTUCKY AT LOUISVILLE

**PROFESSIONAL INTERPRETIVE
NEURODIAGNOSTICS, LLC**

**PLAINTIFF/PETITIONER**

vs.

**HUMANA INC.**

**DEFENDANT/RESPONDENT**

### COMPLAINT, APPLICATION, AND PETITION TO CONFIRM ARBITRATION AWARD AND ENTRY OF JUDGMENT

Petitioner, Professional Interpretive Neurodiagnostics, LLC, by counsel, submits this Complaint, Application, and Petition to Confirm Arbitration Award and for Entry of Judgment against Respondent Humana Inc.

### PRELIMINARY STATEMENT

1. This case arises from Respondent's failure to comply with arbitration awards issued under the Federal No Surprises Act, 42 U.S.C. § 300gg-111.

2. Petitioner, a medical provider specializing in intraoperative monitoring services, has obtained arbitration awards confirming its right to additional reimbursement for services rendered to Respondent's insureds.

3. Despite these clear determinations, Respondent has not made the required payments, necessitating this action to enforce the awards and ensure compliance with the law.

4. Petitioner has made every reasonable effort to resolve these disputes outside of litigation, including submitting formal demands, engaging in direct outreach, and seeking assistance from regulatory authorities.

5. However, Respondent's continued nonpayment has left Petitioner with no alternative but to seek judicial intervention.

6. Petitioner respectfully requests that this Court enter an order confirming the arbitration awards pursuant to 9 U.S.C. § 9, as well as granting appropriate relief, including payment of all outstanding amounts, statutory interest, attorneys' fees, and any other relief the Court deems just and proper.

## PARTIES, JURISDICTION, AND VENUE

7. Petitioner is a medical practice specializing in intraoperative monitoring services, with its principal place of business at 275 Corporate Center Dr., Suite D, Stockbridge, GA 30281.

8. Respondent is engaged in providing and/or administering healthcare plans or policies in the Commonwealth of Kentucky.

9. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves enforcement of arbitration awards made pursuant to the Federal No Surprises Act, 42 U.S.C. § 300gg-111. Therefore, this action arises under and involves questions concerning the laws of the United States.

10. This Court has personal jurisdiction over Respondent because Respondent maintains systematic and continuous business operations in Kentucky and maintains a principal place of business in Kentucky.

11. Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 97(b) because Respondent's principal place of business is located in Jefferson County, Kentucky.

## FACTUAL BACKGROUND

### Petitioner's Efforts to Resolve Payment Disputes Prior to Arbitration

12. Petitioner provides **medically necessary** intraoperative monitoring services to patients insured under health plans administered by Respondent.

13. After rendering these services, Petitioner submits claims for reimbursement in accordance with standard industry procedures.

14. Respondent has underpaid Petitioner for these services, issuing payments that do not reflect fair and reasonable reimbursement.

15. In an effort to resolve these disputes without litigation, Petitioner has engaged in the open negotiation process required under the Federal No Surprises Act, 42 U.S.C. § 300gg-111, providing detailed documentation and attempting to reach an agreement.

16. However, Respondent has either failed to engage in meaningful negotiations or has not provided appropriate adjustments, requiring Petitioner to initiate arbitration under the Independent Dispute Resolution (IDR) process. Dr. Julian Bragg is the specific provider who rendered the services involved in the dispute and initiated the arbitration on behalf of Petitioner.

### Arbitration Awards Issued in Petitioner's Favor

17. Through the arbitration process, independent dispute resolution entities have reviewed the claims and consistently found in Petitioner's favor, determining that additional reimbursement is warranted. A copy of the awards is attached as Exhibit 1.

18. These awards, identified as IDR Reference Number DISP-1404250, confirm that Respondent's initial payments were insufficient and direct Respondent to issue the required adjustments.

19. Despite these legally binding determinations, Respondent has not consistently adhered to its payment obligations, creating financial strain for Petitioner and undermining the effectiveness of the arbitration process.

### Post-Arbitration Efforts to Obtain Compliance

20. Following the issuance of arbitration awards, Petitioner has taken substantial steps to facilitate compliance, including:

    a. Sending formal demand letters outlining Respondent's obligations under federal law;

    b. Engaging in direct outreach through phone calls, emails, and provider portals to discuss payment; and

    c. Filing regulatory complaints with the Centers for Medicare & Medicaid Services (CMS) in an attempt to resolve the matter administratively.

21. Despite these efforts, Respondent has not provided full payment as required, leaving Petitioner with no choice but to pursue judicial enforcement. To date, Petitioner has only received $1,028.95 from Respondent, leaving $7,471.05 owed pursuant to the arbitration awards.

### CAUSES OF ACTION

**COUNT ONE – CONFIRMATION OF ARBITRATION AWARD (9 U.S.C. § 9)**

22. Petitioner incorporates the allegations set forth above.

23. Under 9 U.S.C. § 9, a party to arbitration may apply for an order confirming an arbitration award.

24. Petitioner has obtained binding arbitration awards requiring additional reimbursement.

25. Despite clear legal obligations, Respondent has not fulfilled its payment responsibilities.

26. Petitioner seeks an order confirming the arbitration awards and directing Respondent to issue payment.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court:

1. Confirm the arbitration awards;

2. Enter judgment against Respondent for all unpaid amounts;

3. Award statutory damages, penalties, and attorneys' fees; and

4. Grant any further relief deemed just and appropriate.

Dated: July 08, 2025

Respectfully submitted,

/s/ *Logan J. Mayfield*
Logan J. Mayfield
DICKINSON WRIGHT PLLC
300 W. Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8730
Fax: (844) 670-6009
lmayfield@dickinsonwright.com
COUNSEL FOR PETITIONER

## NOTICE AND CERTIFICATE OF SERVICE

**PLEASE TAKE NOTICE** that counsel shall rely upon this Complaint, Application, and Petition to Confirm Arbitration Award and for Entry of Judgment (including all exhibits), Proposed Form of Order, and Proposed Form of Judgment. **PLEASE TAKE FURTHER NOTICE** that oral argument is requested only if this application is opposed. Pursuant to 9 U.S.C. § 9, the undersigned certifies that a true and accurate copy of this Petition, including all attachments, was served by U.S. mail, postage prepaid, on the 8th day of July, 2025, upon the following:

Humana Inc.
PO Box 14601
Lexington, KY 40512

Humana Inc.
500 West Main Street
Louisville, KY 40202

CT Corporation Service
Registered Agent for Humana Inc.
306 W. Main St., Suite 512
Frankfort, KY 40601

/s/ *Logan J. Mayfield*
Logan J. Mayfield
DICKINSON WRIGHT PLLC
300 W. Vine Street, Suite 1700
Lexington, Kentucky 40507
Telephone: (859) 899-8730
Fax: (844) 670-6009
lmayfield@dickinsonwright.com
COUNSEL FOR PETITIONER